## LEWIS D. NICKLES *v.* SIMON R. KENDRICK.

1. COMPUTATION OF TIME.  *Code* 1892, § 1525.

   Under code 1892, § 1525, providing a rule for the computation of time, if a bond be required to be given within a designated number of days from a certain date, if the last day fall upon Sunday it must be excluded from the count and the first day included.  *Curtis* v. *Blair*, 26 Miss., 309, distinguished.

2. CIRCUIT COURT.  *Order requiring new bond.  Penalty of dismissal.  Jurisdiction.  Code* 1892, § 91.

   If the circuit court, in a case appealed to it, requires an additional appeal bond to be given within a limited time, under code 1892, § 91, and the order therefor provide, that in case of failure "then the appeal herein be dismissed," failure to give bond within the time limited does not operate as a dismissal, the order being interlocutory, and the circuit court retains jurisdiction until final judgment dismissing the appeal.

FROM the chancery court of Bolivar county.

HON. A. H. LONGINO, Chancellor.

Kendrick, the appellee, was the complainant in the court below; the defendant there was Nickles, the appellant.   The litigation out of which the cause arises has been quite extended. Kendrick and wife executed a deed of trust to Nickles, as trustee, to secure several promissory notes payable to Burbridge & Houston, who were merchants.   This deed of trust, and the notes it was intended to secure, were transferred to Leland L. Pearson.   Default having been made in the payment of the notes, Nickles, the trustee in the deed of trust, instituted against Kendrick and wife the action of unlawful detainer mentioned in the opinion of the court.   Upon the first hearing of this unlawful detainer suit in the circuit court, to which it had been appealed by Kendrick and wife, it was dismissed on motion, and Nickles appealed to the supreme

court.  The opinion of the supreme court therein, reversing the judgment of dismissal, is reported in *Nickles* v. *Kendrick*, 73 Miss., 711.  While the unlawful detainer suit was in progress, Pearson, who had, by assignment, become the beneficiary in the deed of trust, instituted his suit in chancery to foreclose the deed of trust as a mortgage.  This chancery suit came to the supreme court twice, the complainant, Pearson, appealing both times—first, on matters pertaining to the appointment and discharge of a receiver in the case (*Pearson* v. *Kendrick*, 74 Miss., 235), and, second, after the chancery court had decreed against the complainant, Pearson, on the merits, dismissing the bill.  The defense to the chancery suit was that Burbridge & Houston, the merchants and payees in the notes, had failed to pay the privilege tax imposed by law, and that no suit could be maintained on the notes.  The supreme court affirmed the invalidity of the notes.  *Pearson* v. *Kendrick*, 75 Miss., 416.

*St. John Waddell*, for appellant.

The additional bond required by the order was not given within the time prescribed, and because it was not the case stood dismissed, the jurisdiction of the circuit court was lost, that of the original court was restored, and the writ issued by the justice of the peace, was valid and legal, and the appellant was lawfully entitled to be put in possession of the property.

Counsel for the appellee rely upon the case of *Curtis* v. *Blair*, 26 Miss., 309, as conclusive of the proposition that the bond was executed within the time prescribed by the court. Upon the authority of this case they claim the right to exclude the first day upon which the order was made, which would bring the last day of the time prescribed on Sunday, and thus bring the execution of the bond within the prescribed period.

When the decision in *Curtis* v. *Blair* was made the rule of the common law alone was appealed to, but our proposition is that the matter is now covered by statute, the terms of which

must control, and that, under the statute, when the last of a fixed period falls on Sunday, the last day, and not the first, is to be excluded. The first clause of the statute follows the rule of the common law and declares that it shall obtain when process shall be required to be served or notice given any number of days. The statute then proceeds to deal with all other cases when any number of days shall be prescribed. With reference to these "other cases" the rule of excluding the first day and counting the last is not preserved, but the declaration of the statute is that only one day shall be excluded and the other included—that is, either the first or the last day shall be included and the other excluded. A mere inspection of the statute will show that a different rule is required when process is required to be served or notice to be given than in the "other cases" named in the last clause.

The second clause of the statute is rendered wholly nugatory by applying the rule excluding the first day to all cases. If that rule had been intended to apply under all circumstances, the statute would have closed with the declaration of the first clause.

Our next proposition is, that if the period for the execution of the bond had expired, the case stood dismissed from the circuit court, under the judgment or order requiring the bond to be given. The terms of the order are, that if the bond be not given within the time prescribed, the appeal "be dismissed;" not that it should thereafter by a separate and independent order of the court be dismissed. The court will bear in mind that the appellant had recovered the possession of agricultural lands in a proceeding before the justice of the peace, and the judgment had been superseded by the execution of a bond by those in possession of the land. The case remained in court so long that it was found that this bond would be insufficient as security for the rents of the property, and, upon this showing being made, the court required an additional bond to be given by the appealing party, to be executed within a limited number of days, in default whereof, the appeal should stand dismissed.

Counsel for our adversary contend that the appellees, by disregarding the order for the security, could remain in possession of the land, being protected therein by the appeal, the continuance of which they had lost the right to have by neglecting to give the bond within the time prescribed. Suppose this was a case of one unlawfully in possession of agricultural lands, and required, by an order of the court made in July, to give a bond within thirty days, and if this was not done that the appeal should thereupon be dismissed. The court judicially knows that the terms of the circuit courts in this state are held every six months, and an order made at the July term, under the contention of counsel, would only become effective in January, though the order should be for the execution of the bond in August. What security would be afforded to one entitled to the lands for the rental of the current year, if, notwithstanding the failure of the party required to give a bond to do so, he could remain in possession of the property, and gather all the crops, and thus defeat the purpose for which the bond is required?

*Butt & Butt, Fontaine Jones* and *McWillie & Thompson,* for the appellee.

The court will observe that the writ of possession, against which the injunction herein was obtained, was issued, not out of the circuit court, in which the cause was pending on appeal, but by the justice before whom, in conjunction with another justice, the action of unlawful detainer had been tried. We submit that, under § 81, code 1892, the circuit court alone had jurisdiction to try anew or otherwise dispose of the cause, together with the exclusive right to issue all final process therein. Under the section of the code cited, a compliance with the provisions thereof removed the cause absolutely and finally to the circuit court, and neither the justice with whom the complaint was filed nor the other justice of the unlawful detainer court, a dissolved tribunal, could move a step in the case.

Conceding that the circuit court had authority to require a new bond, it could not and did not, in this case, commit to any other officer or tribunal power to dispose of the cause. The language of the order for an additional bond requires that the same be filed within sixty days, and that, in default thereof, the appeal be dismissed. The bare dismissal of the appeal would have given no relief to the party complaining of the unlawful detainer. It remained for the circuit court to award the writ of *habere facias possessionem*, and to adjudge the extent of the recovery on account of rents. Its order simply provided that, in case of appellant's default, the appeal should be dismissed by the court at its next session, when the proper judgment in favor of the plaintiff would be entered. It will not do to say that the court abdicated its authority to determine whether its order had been complied with, and that such abdication was in favor of a justice of the peace, who, at that stage of the proceedings, had no more to do with the cause than if it had never come within his cognizance.

The provision of § 91, code 1892, authorizing the circuit court to require new bonds "on pain of dismissal," does not mean dismissal by any other authority than the court requiring the bond, and after an ascertainment of the appellant's default. In other words, dismissal is made a penalty that will, in due time and by the judgment of the court, follow the default. No case could better illustrate, than the one in hand, the folly of permitting the justice of the peace to determine whether there had been such default, and so divest the circuit court of jurisdiction without its consent. Suppose, at its next term, the circuit court held, as it was in law bound to hold, that the bond had been filed in time, would it be contended that the case was no longer in that court? The seeming conflict of jurisdiction would be apparent, and not real, for the writ issued by the justice would necessarily be treated as utterly void.

The additional appeal bond was, by the circuit court order, to be given "within sixty days from" the twenty-fourth day

of November, 1897. It was actually given January 24, 1898. Under the statutory rule (code 1892, § 1525) of excluding one day, the following count can be made, and it is the true and correct and statutory mode of computation: Excluding the day the order was made, there were, in November, 6 days; December, 31 days; January, 23 days. Total, 60 days. But the twenty-third of January, 1898, was Sunday, and, by the statute, it too must be excluded. Excluding Sunday, the twenty-third, the sixty days expired on Monday, the twenty-fourth of January, the day the bond was executed and approved. *Curtis* v. *Blair*, 26 Miss., 309–325.

If we begin by counting the day the order was made, the sixty days would not be from the date of the order, but from the day before. If we regard fractions of a day, the sixty days would end some time on Sunday, January 23, and, as Sunday cannot, under the circumstances, be counted, the limit of time did not expire until some time on Monday, January 24, 1898, the day on which the bond was given and approved. If, however, we treat the sixty days as beginning on November 25, and exclude the first day, the twenty-fifth, the period for giving the bond would not expire until the end of the twenty-fourth day of January, 1898, the day the bond was given.

Argued orally by *Tim E. Cooper*, for appellant, and *R. H. Thompson*, for appellee.

Woods, C. J., delivered the opinion of the court.

The appellant, Nickles, in the year 1895, brought his action of unlawful detainer before the special court authorized by statute for the recovery of the possession of certain lands in Bolivar county, and obtained a judgment in his favor. From this judgment Kendrick, the appellee herein, appealed to the circuit court. At the November term, 1897, of the last named court, on motion of Nickles, Kendrick was required to give a

new bond with additional security. The order of the court provided "that if they [Kendrick and wife] fail to do so within sixty days from this date, then the appeal herein be dismissed." This order was made on the twenty-fourth day of November, 1897, and the new bond was given on the twenty-fourth day of January, 1898, and, therefore, after the sixty days within which, by the order of the court, it was required to be given had expired, unless Sunday, the twenty-third day of January, on which the sixtieth day happened to fall, be excluded from the computation of time.

Some time after the expiration of the sixty days the presiding justice of the peace in the special court which had tried and determined the unlawful detainer suit issued a writ of *habere facias possessionem*, directing the sheriff of Bolivar county to put Nickles in possession of the lands in controversy. Thereupon Kendrick filed his bill for and obtained an injunction restraining the execution of the writ of *habere facias possessionem* in the hands of the sheriff. The bill for injunction sets out the foregoing facts, with others, to which we think it unnecessary to refer. To this bill Nickles demurred and made answer, and to the answer, or parts of it, Kendrick filed exceptions. In vacation, before the chancellor, Nickles moved to dissolve the injunction, and his motion being overruled, he appeals from that action to this court.

Two questions are presented by the appeal: (1) Was the bond required to be given by the circuit court within sixty days executed in time? and (2) if not given in time, did the order of the circuit court requiring an additional bond to be given in sixty days, on pain of dismissal of that appeal, operate to put an end to the jurisdiction of the circuit court, and to put the case out of that court, and restore the jurisdiction of the special court which heard and determined the unlawful detainer originally to the extent of authorizing the presiding justice of that court to issue the writ of *habere facias possessionem?*

The answer to the first question depends upon the construc-

tion of § 1525, ' code of 1892, which is in these words, viz. :
" When process shall be required to be served or notice given
any number of days, the day of serving the process or of giv-
ing the notice shall be excluded and the day of appearance in-
cluded; and in all other cases when any number of days shall
be prescribed, one day shall be excluded and the other included.
When the last day falls on Sunday, it shall be excluded, but in
other cases Sunday shall be reckoned in the computation of
time. "

The statute first establishes a fixed rule of computation in
cases where process is required to be served or notice given,
and prescribes in these cases for the exclusion of the day of
serving the process or giving the notice, and the inclusion of
the day of appearance, thus following the rule of the common
law.    Then the statute prescribes the rule in all " other cases,"
and departs from the fixed method of computation laid down
in cases of serving process or giving notice—that is, of exclud-
ing the first day and including the last, and declares that one
day shall be included and the other excluded, without under-
taking to prescribe which day shall be included or excluded.
One day must be included and one must be excluded, but which
one shall be counted and which one shall not be counted the
statute does not determine or declare in ordinary cases, for,
ordinarily, it will be immaterial whether the first or the last
day be counted.    But to provide against the one exceptional
case, in the " other cases " referred to, the statute declares that
" when the last day falls on Sunday, it shall be excluded," and,
of necessity, the first day shall be included.    The statute fixes
the method of computation by its own terms in all " other cases "
than those of serving process and giving notice, where the last
day falls on Sunday.    In such exceptional cases, the rule of in-
difference as to counting the first or last day is departed from,
and the statute declares that the last and not the first day shall
be excluded.    *Curtis* v. *Blair*, 26 Miss., 309, was declaratory of
the common law rule only, and is not authoritative in the pres-

ent controversy, where a statutory rule is prescribed. It follows that the additional bond was not given within the sixty days.

(2) Did the failure to give the bond, as required by the order of the circuit court, divest that court of its jurisdiction and revest the special unlawful detainer court or its presiding justice with authority to issue process on its judgment, which had been appealed from?   Section 91, code 1892, is as follows, viz.: "In all appeals, and in proceedings of certiorari to the circuit court, the said court, on motion of the appellee or obligee, may inquire into the sufficiency of the amount of the bond, and of the security thereon, and may, at any time, require a new bond, or additional security, on pain of dismissal." The statute affixes a penalty for failure to comply with the order of the court, and before the penalty can attach there must be an adjudication by the court of the fact of disobedience to its order, or failure to comply with it.   The order requiring a new bond within a given time, on pain of dismissal, is purely interlocutory in its character, and is not conclusive and final.   Until this preliminary order of the court has been followed up by an adjudication by the court of the fact of failure to comply with its order, and a final judgment dismissing the appeal, the case remained in the circuit court and subject to the further action of the court.   Any other rule would inevitably result in strife and confusion, since without an adjudication by the court of the fact of failure to comply with its order, every private person and ministerial officer would make such adjudication for himself as fancy or interest might dictate.

In *Stevens* v. *Praed*, 2 Cox's Cases, 373, it was held that a case was not *ipso facto* out of court on a plaintiff's failure to comply in time with an order of the court, though the order was that the bill was "to stand dismissed" if plaintiff did not comply, but that the defendant must, by motion or otherwise, apply for further directions before the case was out of court. Such was the opinion of Lord Thurlow also in the case of *Cater* v. *Dewar*, 2 Dickens' Chancery Cases, 654.   These cases are

directly in point.    Because the appeal from the judgment of the special unlawful detainer case was still pending in the circuit court, the chancellor did not err in overruling the motion to dissolve the injunction.    Some of the other questions discussed by counsel for appellees, in their brief, will be properly considered and determined in the further progress of this case in the court below.

*Affirmed.*