## JACOBS *v.* JACKSON.

[91 South. 36. No. 22048.]

1. JUSTICES OF THE PEACE. *Plaintiff appealing from justice's court need not give bond in double the value where defendant is in possession.*
   Under chapter 203, Laws of 1912 (section 63, Hemingway's Code), if the defendant in a replevin suit has given bond for the property and is in possession thereof, the plaintiff is not required to give a bond in double the value of the property involved in order to perfect an appeal from the judgment of a justice of the peace awarding to the defendant the possession of the property and damages for the wrongful suing out of the writ.

2. JUSTICES OF THE PEACE. *Where justice refused to approve bond, but offered to receive it and investigate, but it was not left with him or presented in due time, the appeal was properly dismissed.*

Where a party against whom a judgment has been rendered by a justice of the peace presented an appeal bond within the time prescribed by chapter 203, Laws of 1912 (section 63, Hemingway's Code), and the justice of the peace refused to approve the bond on account of a mistaken belief that the penalty of the bond was insufficient, but offered to receive· the bond and investigate the sufficiency of the penalty thereof, and the party tendering the bond refused to leave it with the justice of the peace and it was not again tendered, and was not filed or approved, until after the expiration of the time allowed for perfecting the appeal, a motion to dismiss the appeal was properly sustained by the circuit court.

3. JUSTICES OF THE PEACE. *Failure to file appeal bond within statutory time is not excused because justice was absent from home during last three days of period.*

Under chapter 203, Laws of 1912 (section 63, Hemingway's Code), providing that an appeal from the judgment of a justice of the peace to the circuit court must be prosecuted within ten days after the rendition of the judgment, a failure to file an appeal bond with the justice of the peace within that time is not excused by the fact that the justice of the peace was absent from home during the last three days of the period allowed for perfecting an·appeal.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action in replevin by J. T. Jacobs against J. R. Jackson in the justice's court. Judgment for the defendant, and the plaintiff appealed to the circuit court, and from a judgment dismissing the appeal, the plaintiff appeals. Affirmed.

*B. F. Collins,* for appellant.

COOK, J., delivered the opinion of the court.

Appellant instituted an action of replevin in the justice court seeking to recover possession of a horse valued at one hundred and ten dollars alleged to be wrongfully detained by appellee. Appellee executed a forthcoming bond and regained possession of the horse, and at the trial in the justice court judgment was entered awarding him pos-

session of the horse, and also awarding him damages in the sum of twenty-seven dollars for the wrongful suing out of the writ. Before the statutory period allowed for appeals had expired, appellant tendered to the justice of the peace an appeal bond in the penal sum of one hundred dollars, which the justice of the peace then declined to approve. Appellant then returned the bond to his attorney, and it remained in the possession of the attorney until the eleventh day after the rendition of the judgment, when it was again tendered to the justice of the peace, and it was then approved and filed by him. In the circuit court there was a motion to dismiss the appeal on the grounds that the penalty of the bond was not double the value of the property involved, and that it was not filed within the ten days allowed by statute. This motion was sustained, and from the judgment dismissing the appeal, appellant prosecutes the present appeal.

In the testimony offered at the hearing of the motion to dismiss the appeal, there is little, if any, conflict. Appellant testified that he met the justice of the peace at night on a street in the city of Laurel and tendered the bond, that the justice of the peace examined it and said he would not approve it because it was not the right kind of bond, and that he then returned it to his attorney. Appellant's attorney testified that the bond was returned to him, and that he carried it to the office of the justice of the peace on the eighth, ninth, and tenth days after the rendition of the judgment, but each time he was informed that the justice was out of the city; that on the eleventh day after the judgment was rendered he tendered the bond to the justice of the peace and he then approved and filed it. The justice of the peace testified that he declined to approve the bond when it was first presented for the reason that he then thought the penalty of the bond should be double the value of the property involved, and that he so informed appellant; that he offered to receive the bond and investigate the matter, but appellant declined to leave it with him; that he approved the bond when finally tendered

for the reason that he had investigated the matter and had been advised that the amount of the bond was sufficient.

Chapter 203, Laws of 1912 (section 63, Hemingway's Code), provides:

"Either party may appeal to the circuit court of the county from the judgment of any justice of the peace if appeal be demanded and bond given within ten days after the rendition of the judgment. The party taking the appeal shall give bond, with a sufficient surety, to be approved by said justice, payable to the opposite party, in the penalty of double the amount of the judgment, or double the value of the property involved, and all costs accrued and likely to accrue in the case, and in no case to be less than one hundred dollars, conditioned for the payment of such judgment as the circuit court may render against him," etc.

Section 4234, Code of 1906 (section 3063, Hemingway's Code), provides that, if the verdict be for the defendant in a replevin suit, and the defendant has given bond for the property, the judgment shall be that he retain it, and that he recover of the plaintiff the damages sustained by the wrongful suing out of the writ. Such was the judgment rendered in this case. The appellee was already in possession of the property, and there can be no reason to require appellant to give a bond in double the value of the property involved. The only judgment against appellant was one for the payment of money, and, since the minimum bond of one hundred dollars tendered by him was more than double the amount of this judgment and costs, the penalty of the bond was sufficient.

We think, however, that the action of the court in dismissing the appeal for the reason that the bond was not filed and the appeal perfected within ten days after the rendition of the judgment was correct. It is true that appellant presented the bond within the time prescribed by statute, and, if he had stood upon this tender and the justice of the peace had arbitrarily refused to approve the bond, a very different case would be presented. He did

not do that, but, on the contrary, the evidence is that he declined to leave the bond with the justice, but returned it to his attorney, and it was not again presented until the period within which the appeal might be perfected had expired. These facts do not bring this case within the rule announced in *Redus* v. *Gamble*, 85 Miss. 165, 37 So. 1010, and *Winner & Myers* v. *Williams*, 82 Miss. 669, 35 So. 308. That appellant is not aided by the fact that the justice of the peace was absent from his office, and could not be located during the last three days of the time allowed for appeals, is settled in *Murff* v. *Osborn* (Miss.), 24 So. 873, and *Underwood Typewriter Co.* v. *Taylor,* 94 Miss. 584, 48 So. 15.

*Affirmed.*