# Tripp Furniture Co. *et al. v.* Cox.

(Division A.   March 30, 1931.)

[133 So. 238.   No. 29327.]

**W. P. Stribling** and **D. A. Burgin**, both of Columbus, for appellants.

**Frierson & Anderson**, of Columbus, for appellee.

**Cook, J.,** delivered the opinion of the court.

On the 6th day of March, 1930, the appellee, D. S. Cox, doing business as the Columbus Ice Cream & Creamery Company, recovered a judgment in the court of a justice of the peace of Lowndes county against the Tripp Furniture Company and C. M. Odom, for the sum of one hundred fifty dollars and sixty-seven cents and costs. On the 17th day of March, 1930, the justice of the peace approved an appeal bond, and filed with the clerk of the circuit court a certified copy of the record of the proceedings in the justice court, and all the original papers, and the original appeal bond given by the appellant. In the circuit court the appellee moved to dismiss the appeal on the ground that the appeal bond was not filed and approved within the ten days allowed by law for perfecting appeals from a justice court. Upon the hearing of this motion testimony was offered, showing in detail the manner in which the appeal bond was handled, and the efforts of the appellants to satisfy the justice of the peace as to the solvency of the sureties thereon, and tending to show that when the justice of the peace first refused to approve the bond, which was within the statutory limit of ten days, the sureties thereon were solvent, and it was a good and sufficient bond. Upon the conclusion of this hearing the court sustained the motion to dismiss the appeal, and awarded a writ of procedendo to the justice court to enforce its judgment; and from this judgment of the circuit court this appeal was prosecuted.

The record and proof shows that the judgment of the justice court was rendered on March 6, 1930, and the appeal bond was approved on Monday, March 17, 1930. The testimony was to the effect that the appeal bond, with two sureties thereon, was first submitted to the justice of the peace on Friday, March 14th, and he declined to approve it. The bond was then carried away,

and the names of other sureties secured thereon, and it was again tendered to the justice of the peace on Saturday, March 15th, and he still refused to approve it. After having secured the names of additional securities thereon, the bond was again tendered on Saturday night, March 15th, and the justice of the peace again refused to approve it, but informed the appellants that he would approve it if one additional surety was secured, and that the bond could be mailed to him. The bond was mailed to the justice of the peace later in the same night, and on the following Monday, March 17, 1930, he returned the bond to the attorney for the appellants, and informed him that he would not approve it without an additional surety thereon. Counsel for the appellant thereupon secured the name of an additional solvent surety, and again tendered the bond, and it was approved.

Excluding the day on which the judgment was rendered in the justice court, the ten days allowed for an appeal therefrom expired on Sunday, March 16, 1930; but section 1397 of the Code of 1930 provides, in part, that, in ''cases when any number of days shall be prescribed, one day shall be excluded and the other included. When the last day falls on Sunday, it shall be excluded.'' In construing this section, in Nickles v. Kendrick, 76 Miss. 334, 24 So. 534, it was held that: ''If a bond be required to be given within a stipulated number of days from a certain date, and if the last day falls upon Sunday, it must be excluded from the count, and the first day included.'' Applying this rule to the case at bar, the time for filing and approving the appeal bond expired at midnight of Saturday, March 15, 1930. The bond having been actually approved after the time allowed by law for perfecting the appeal, there remains to be considered only the question of whether or not, under the facts above stated, the presentations of the bond within the ten days allowed by law operated as an appeal of the cause, and in disposing of this question it will not

be necessary to determine whether the testimony offered on the hearing of the motion to dismiss the appeal showed that the sureties on the bond, when the justice of the peace refused to approve it, were, in fact, solvent. The proof did not show that the justice of the peace at any time refused to receive or file the bond, but, each time he refused to approve the bond, it was carried away by the appellants, or their representative, for the purpose of securing additional sureties, and it was not finally deposited or filed with the justice of the peace until after the expiration of the statutory time limit. Under these facts we do not think the case is distinguishable from the case of Jacobs v. Jackson, 128 Miss. 434, 91 So. 36, in which it was held that the appeal was properly dismissed. If, in fact, the sureties on the bond were sufficient when it was tendered to the justice of the peace, and the appellants desired to avail of any arbitrary refusal to approve it, they should have stood upon their tender of the bond, and left it with the justice of the peace before the expiration of the time limit. Since the appellants, or their attorneys, retained possession of the bond for the purpose of securing additional sureties thereon until after the time for perfecting the appeal had expired, we think the action of the court in dismissing the appeal is correct, and consequently the judgment of the court below will be affirmed.

Affirmed.