GORDON, et al *v.*
MONROE COUNTY, MISS., VALIDATION OF HOSPITAL FUNDS

No. 42477 December 3, 1962 147 So. 2d 126

*Johnny N. Tackett,* Aberdeen, for appellants.

*William A. Bacon,* Jackson; *Fred P. Wright,* Amory, for appellees.

Lee, P. J.

This was a proceeding, under Sec. 4314, et seq., Code of 1942, to validate bonds, issued by the Board of Supervisors of Monroe County for the Third Supervisor's District of the County in the sum of $65,000, and for the Fourth Supervisor's District in the sum of $91,000. The transcripts showed that the purpose, in each in-

stance, was to enable each of those districts of Monroe County to join with the City of Aberdeen and one or more other supervisor's districts of the County in establishing and equipping a community hospital in the City of Aberdeen and to purchase the necessary land therefor. The bonds were proposed to be issued under the authority of Sec. 7129.50, et seq., Code of 1942. The transcripts contained all orders and resolutions, the results of the elections to determine whether or not such bonds should be issued, which showed that both proposals for issuance of bonds carried by the requisite majorities and were duly reported and verified, and all final orders of issuance. The requisite provisions of Sec. 4314, the Validation Act, were fully complied with.

Upon the filing of the transcripts of the proceedings, the time and place of hearing were fixed, as required by law, and due notice to taxpayers was given, as required by the statute.

On the return day, the objectors, in each instance, filed their sworn protest against the validation. In each instance, they charged that the election commission was illegally constituted because all the members belonged to the same political party; that, under Sec. 2886, Code of 1942, the minutes of the Board were required to be read and signed by the President on or before the first Monday of the month following the date of the adjournment of any term of the board; that Paul Sisk, President of the Board, did not sign the December minutes on the first Monday of January 1962, and in fact did not sign them until Tuesday, January 2, 1962; and that for those reasons, the proceedings were void. Two other objections were mentioned, but they were not in fact insisted upon at the hearing.

Both causes, by agreement of the parties, were consolidated and tried together.

The transcripts, in each instance, were introduced in evidence. They showed the organization minutes of the

Board of Supervisors at its December 1961 meeting and the day to day opening and adjourning minutes. It appeared that the resolutions of intent to issue the bonds and the calling of the elections in the two districts were adopted on December 20, 1961, and that the Board then adjourned until January 2, 1962, the order reciting that January 1, 1962, was a legal holiday. The minutes appeared to be properly signed, and the records appear to be in regular order.

Hiram Young, the Chancery Clerk, testified that, early Tuesday morning, January 2, 1962, before the Board convened, the minutes had not been signed. Paul Sisk, the President, admitted that the Board did not meet on Monday, January 1, 1962, because it was a holiday; but that they met the next day; and that he signed the minutes at that time, which was the first day of the January 1962 session. At the close of the evidence, the chancellor ordered the bonds, in each instance, to be validated. A decree was entered accordingly, and the appellants have brought this appeal here.

The only point of consequence, raised by the appellants in their assignment and brief, is that the decree, validating the bonds, was wrong inasmuch as the proceedings were void because the President of the Board did not sign the minutes on or before the first day of January 1962, the date fixed by law for the next regular meeting of the Board.

It is true that the applicable part of Sec. 2886, Code of 1942, supp., with reference to the time when the minutes of the Board of Supervisors will be signed by the President says: "The minutes of each day shall be read and signed by the president on or before the first Monday of the month following the day of adjournment of any term of the board of supervisors."

But, under Sec. 5946, Code of 1942, the first day of January is declared to be a legal holiday. Besides, under Sec. 4062, Code of 1942, supp., all of the principal

offices in the courthouse are to be closed on legal holidays, unless otherwise ordered by the board of supervisors.

Now Sec. 2875, Code of 1942, supp., provides as follows: ''In counties having only one court district, the board of supervisors shall hold regular meetings at the courthouse or in the chancery clerk's office, in counties where the chancery clerk's office is in a building separate from the courthouse, of their respective counties, on the first Monday of each month. *Provided, however, that when such meeting date falls on a legal holiday, then the said meeting shall be held on the succeeding day.* (Emphasis supplied.)

 ■ In this case, the order of December 20, 1961, adjourned that meeting until January 2, 1962, and recited therein that January 1, 1962, was a legal holiday. Paul Sisk, the President, had authority to defer the signing of the minutes until January 2, 1962, because the first Monday of the month happened to fall on the first day of the month, which was a legal holiday. He followed the law.

From which it follows that the decrees of validation, in each instance, must be and they are affirmed.

Affirmed.

*Kyle, Gillespie, McElroy, and Jones, JJ.,* concur.