ETHRIDGE, Chief Justice:
This case involves the method of computation of the time within which an appeal may be taken. The Mississippi State Highway Commission, appellee, instituted eminent domain proceedings against the Parkmans in the County Court of Warren County. Judgment was rendered on November 5, 1969, and an order overruling a motion for new trial was entered on the minutes on November 6, 1969. The Park-mans’ appeal bond was filed and recorded by the circuit clerk on Monday, November 17, 1969.
Section 1616 of the Mississippi Code 1942 Annotated (Supp.1970) provides in part:
Appeals from the county court shall be taken and bond given within ten (10) days from the date of the entry of the final judgment or decree on the minutes of the court; provided, however, that the county judge may within said ten (10) days, for good cause shown by affidavit, extend the time, but in no case exceeding sixty (60) days from the date of the said final judgment or decree.
The filing of an approved appeal bond within ten days (unless an extension is granted) is a jurisdictional requirement. Flowers v. Trotlos, 172 Miss. 305, 160 So. 581 (1935). If a motion for new trial is timely filed, the ten-day limitation begins running from the time the motion for new trial is overruled. Garrett v. Mississippi State Highway Com’n., 227 So.2d 856 (Miss.1969).
Code section 705 provides:
When process shall be required to be served or notice given any number of days, the day of serving the process or of giving the notice shall be excluded and the day of appearance included; and in all other cases when any number of days shall be prescribed, one day shall be excluded and the other included. When the last day falls on Sunday, it shall be excluded; but in other cases Sunday shall be reckoned in the computation of time.
Section 4062, Mississippi Code 1942 Annotated (Supp.1970), first enacted in 1960, authorizes the board of supervisors to close county offices on Saturdays. For several years the Warren County courthouse has been closed all day on Saturday, as authorized by this statute. During this period of time no business could be transacted in the courthouse with the clerk of the court.
November 15 was a Saturday. The courthouse closed at five p. m. on Friday, November 14, and did not reopen until Monday, November 17, 1969. Neither the clerk of the county court (the circuit clerk) nor the county judge nor any other official of the County Court of Warren County was available in the courthouse on Saturday, November 15, to receive, record or approve an appeal bond in this or any other case, nor were they available in that location on Sunday, November 16. On Monday, November 17, 1969, the appeal bond in the cause was approved and recorded. Appellants made no effort outside of the courthouse to contact the circuit clerk to record the appeal bond, nor did they seek an extension of time.
Since 1899, this Court in a series of cases has consistently interpreted Code section 705 to have adopted the following method of counting: “[I]f by the exclusion of the first day, the last day of the computation falls on Sunday, then the first day is counted and the last day excluded * * Marlboro Shirt Co. v. Whittington, 195 So.2d 920, 921 (Miss.1967); Gulf, Mobile & Ohio R. Co. v. Forbes, 228 Miss. 134, 87 So.2d 488 (1956); Tripp Furniture Co. v. Cox, 160 Miss. 90, 133 So. 238 (1931); Nickles v. Kendrick, 76 Miss. 334, 24 So. 534 (1899). This formula for computation of time has long been established and applied by this Court and by the members of the bar of this state. Some of the Judges think that, as a de novo matter, the proper interpretation of section 705 (espe- *639 dally in the last sentence thereof) is to exclude the first day, when the judgment became final, and if the last day falls on Sunday, to “exclude” or not count it, with the tenth day thereby falling on the following day, Monday. However, a majority of the Judges are not willing to overrule this established line of cases interpreting section 70S, which has been reenacted at least two times since the present interpretation of it was adopted. A change in its meaning at this time is a legislative and not a judicial issue.
In short, the issue is this: Where the terminal day is a Saturday, on which the clerk’s office and the courthouse are closed by statute, is that Saturday counted as one of the ten days within which the appellant is required to file an appeal bond? Considering together the several related statutes, we do not think that the legislature intended (or would have intended if it had thought about it) to require that on the tenth day an appellant should be required to file and obtain approval of his bond by the clerk, when the clerk’s office is closed and not open for business. The contrary view is impractical and unreasonable, and this Court will not assume that the legislature intended an impractical and unreasonable result.
The problem arises because of the fact that Code section 4062 (Supp.1970) was enacted in 1960, many years after Code section 1616 required that an appeal be taken “within ten days,” and after Code section 705 (as interpreted) provided that when the last day falls on Sunday, it should be excluded and the first included. Section 4062, reflecting legislatively the popular wish for Saturday to be a holiday, authorized boards of supervisors to close county offices on Saturdays, and this was done in Warren County. For the purposes of transaction of business in the court clerk’s office, the effect of Code section 4062 is to declare that, where the board of supervisors has acted, Saturdays shall be a nonjuridical day for the purpose of transacting legal business in the court clerk’s office.
Although recognizing that some courts are not in accord, 86 C.J.S. Time § 14(6) (1954) asserts that the general rule is that, if the last day of the period allowed by law for taking a stated action in a judicial proceeding falls on a legal holiday, that terminal holiday should be excluded and the action may be taken on the following day. We also think that, if the following day is a Sunday (a legal holiday), the time for taking the appeal should be extended until the following Monday. See generally, Annot. 61 A.L.R.2d 482 (1958).
At common law, judicial proceedings which take place on Sunday are invalid, unless expressly authorized by statute. Accordingly, some Mississippi statutes authorize to be issued on Sunday general remedial writs, and writs of habeas corpus and attachments. Miss. Code 1942 Ann. §§ 1657, 2825, 2869 (1956); see also Miss. Const. § 72 (1890). On the other hand, a legal holiday is not ordinarily considered to be a “nonjuridical day” unless expressly made so by statute. See 50 Am.Jur., Sundays and Holidays §§ 73, 77 (1944). In Mississippi Saturday is not a nonjuridical day, in the sense that a court cannot act on that day. However, in the instant case we hold only that, when the clerk’s office is closed by authority of statute on a Saturday, and the clerk or his staff is not available in the courthouse on that legal holiday for the filing and approving of an appeal bond, Saturday will not be counted in determining the ten days within which an appeal shall be taken.
This conclusion was foreshadowed to some extent by two cases. Gordon v. Monroe County, 244 Miss. 849, 147 So.2d 126 (1962), permitted the president of a board of supervisors to sign minutes on a Tuesday, January 2, although the statute provided that the minutes should be signed on the first Monday of the month following adjournment of any term. That first *640 Monday was January 1, a legal holiday. In Marlboro Shirt Co. v. Whittington, 195 So.2d 920 (Miss.1967), an appeal from an attorney-referee’s order to the Workmen’s Compensation Commission was dismissed, where the last day of twenty fell on Saturday and the petition for review was filed on the following Monday. The Court pointedly observed: “The Workmen’s Compensation Commission office is open for business on Saturdays until noon.”
Of collateral but relevant interest, and evidentiary of general contemporary legislative intent, are the state and federal statutes relating to legal holidays, which in general effectuate a “long weekend” by placing many of the holidays arbitrarily on a Monday, and as to the federal statute, in some instances on a preceding Friday. See Miss. Laws 1970, ch. 460; Miss.Code 1942 Ann. § 5946 (Supp.1970); 5 U.S.C.A. § 6103 (Supp.1970).
Since we conclude that appellants took their appeal within ten days, the judgment of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
All Justices concur.