Ida NELSON, Pearlie G. Faulkner and William Nelson, Plaintiffs-Appellants,

v.

Isaac JAMES, Defendant-Appellee,

No. 82–4115
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1982.

Dorizas & Grantham, Angelo J. Dorizas, Jackson, Miss., for plaintiffs-appellants.

Sumner, Hickman & Rayburn, S. T. Rayburn, Will A. Hickman, Oxford, Miss., for defendant-appellee.

Before RUBIN, JOHNSON, and WILLIAMS, Circuit Judges.

PER CURIAM:

On August 16, 1975, the parties to this appeal were involved in an automobile accident in Marshall County, Mississippi. On Monday, August 17, 1981, plaintiffs filed the complaint initiating this case, seeking damages for personal injuries allegedly caused by defendant's negligent operation of his vehicle.

Defendant answered, claiming that the action was barred by the six year statute of limitations. Miss. Code Ann. § 15–1–49 (1972). The district court granted a motion to dismiss for that reason. This appeal presents only the question whether a claim filed on Monday when the statute of limitations expires on Sunday is timely.

Neither party has cited us a case bearing directly on this question, and we have discovered none. Thus, the case presents an important question unresolved by Mississippi jurisprudence and appropriate for certification under the procedure authorized by Mississippi Supreme Court Rule 46.

## CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that this case involves questions of Mississippi law that are determinative of the plaintiffs' ability to maintain this suit. There appear to be no controlling precedents in the decisions of the Supreme Court of Mississippi.[1] This court, therefore, certifies the following question of law to the Supreme Court of Mississippi for decision pursuant to Rule 46.[2]

When the last day of the six year statute of limitations for filing a personal injury action falls on a Sunday, is an action filed on the next day, Monday, timely?

The record in this case, together with copies of the parties' briefs, including the briefs submitted in response to our inquiry concerning certification, are transmitted herewith.

QUESTION CERTIFIED.

---

1. Each party insists that Mississippi law provides a clear answer, but each finds the answer to be different.

2. The particular phrasing used in the certified question is, of course, not to restrict the Mississippi Supreme Court's consideration of the issues as that Court perceives them in its analysis of the certified record. *Martinez v. Rodriquez*, 394 F.2d 156, 159 n. 6 (5th Cir. 1968).