**Ida NELSON, Pearlie G. Faulkner, William Nelson, Plaintiffs-Appellants,**

v.

**Isaac JAMES, Defendant-Appellee.**

**No. 82–4115**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1983.

Dorizas & Grantham, Angelo J. Dorizas, Jackson, Miss., for plaintiffs-appellants.

Sumner, Hickman & Rayburn, S.T. Rayburn, Will A. Hickman, Oxford, Miss., for defendant-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

In response to the certification of a question to it [688 F.2d 1002], the Mississippi Supreme Court has held in the attached opinion that this action was timely filed. Accordingly, the judgment of the district court is REVERSED and the case is REMANDED for further proceedings.

Before WALKER, DAN M. LEE and ROBERTSON, JJ.

DAN M. LEE, Justice, for the Court:

This is a certification case from the United States Court of Appeals for the Fifth Circuit. Pursuant to Mississippi Supreme Court Rule 46, the facts as shown in the certification from the Fifth Circuit are as follows:

On August 16, 1975, the parties to this appeal were involved in an automobile accident in Marshall County, Mississippi. On Monday, August 17, 1981, plaintiffs filed the complaint initiating this case, seeking damages for personal injuries allegedly caused by defendant's negligent operation of his vehicle.

Defendant answered, claiming that the action was barred by the six year statute of limitations. Miss.Code Ann. § 15–1–49 (1972). The district court granted a motion to dismiss for that reason. This appeal presents only the question whether a claim filed on Monday when the statute of limitations expires on Sunday is timely.

Question certified:

When the last day of the six year statute of limitations for filing a personal injury action falls on a Sunday, is an action filed on the next day, Monday, timely?

Mississippi Code Annotated § 15–1–49 (1972) provides:

All actions for which no other period of limitation is prescribed shall be commenced *within six years next* after the cause of such action accrued, and not after.

Appellant relies on *Parkman v. Mississippi State Highway Commission,* 250 So.2d 637 (Miss.1971), which involved the method of computation of time within which an appeal may be taken. The rationale extended there seems very persuasive of the fact that where the courthouse is closed by law, such a period is not to be counted in determining the time in which appeal may be taken. The Court held:

Although recognizing that some courts are not in accord, 86 C.J.S. Time § 14(6) (1954) asserts that the general rule is that, if the last day of the period allowed by law for taking a stated action in a judicial proceeding falls on a legal holiday, that terminal holiday should be excluded and the action may be taken on the following day. We also think that, *if the following day is a Sunday (a legal holiday), the time for taking the appeal should be extended until the following Monday. See* generally, Annot. 61 A.L.R.2d 482 (1958).

At common law, judicial proceedings which take place on Sunday are invalid, unless expressly authorized by statute. Accordingly, some Mississippi statutes authorize to be issued on Sunday general remedial writs, and writs of habeas corpus and attachments. Miss.Code 1942 Ann. §§ 1657, 2825, 2869 (1956); *see also* Miss. Const. § 72 (1890). On the other hand, a legal holiday is not ordinarily considered to be a "nonjuridical day" unless expressly made so by statute. *See* 50 Am.Jur., Sundays and Holidays §§ 73, 77 (1944). In Mississippi Saturday is not a nonjuridical day, in the sense that a court cannot act on that day. However, in the instant case we hold only that, when the clerk's office is closed by authority of statute on a Saturday, and the clerk or

his staff is not available in the courthouse on that legal holiday for the filing and approving of an appeal bond. Saturday will not be counted in determining the ten days within which an appeal shall be taken. (250 So.2d at 639) (Emphasis added).

86 C.J.S., *Time* § 14(9) (1954), in discussing the issue, provides in part:

In accordance with the general rule, if the first day of a period of limitation for commencing an action falls on a Sunday or on a legal holiday, the period is extended and the action may be commenced on the following secular or business day, and in at least one jurisdiction, if the last day for the commencement of an action falls on a Saturday during the months of July and August when public offices are legally closed to the transaction of business, the action may be commenced on the following business or secular day. The rule also applies whether the statute limits the commencement of a civil action or a criminal prosecution, and if the last day on the period in which an indictment may be found falls on a Sunday the indictment may be found on the following day. The rule of excluding terminal Sundays and holidays is applied in computing the accrual of a right of action from which a statute of limitations begins to run, so that, if the day on which the cause of action would have accrued falls on a Sunday, that day will be excluded, and the statute will begin to run from the following day.

The rule that terminal Sundays and holidays are not to be counted has been applied in determining the time for bringing suit to enforce a mechanic's lien, suit on a negotiable instrument, a garnishment action, an action to rescind a policy of insurance, *an action of tort to recover for damages sustained by reason of negligence,* and an action to contest a will. (Emphasis supplied).

We might further note that the text is in accord with Miss.R.Civ.P. 6(a) that became effective January 1, 1982,[1] which is as follows:

*Computation.* In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, *unless it is a Saturday, a Sunday,* or a legal holiday, or any other day when the courthouse or the clerk's office is in fact closed, whether with or without legal authority, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, a legal holiday, or any other day when the courthouse or the clerk's office is closed. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

Because there apparently has been no construction of section 15–1–49 as sought in the case at bar, this Court believes certification of this question should be accepted for a determination.

Therefore, the question certified

When the last day of the six year statute of limitations for filing a personal injury action falls on a Sunday, is an action filed on the next day, Monday, timely?

The answer is "Yes" it was timely filed.

PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.

---

1. Not in effect at the time of the filing in this case, August 17, 1981, nevertheless considered in order to provide more consistent and orderly precedent.