MUTUAL HEALTH & BENEFIT ASS'N *v.* CRANFORD.

(Division A.   Oct. 15, 1934.   Suggestion of Error Overruled Nov. 19, 1934.)

[156 So. 876.   No. 31337.]

**Watkins & Eager,** of Jackson, for appellant.

153

154

Welch & Cooper, of Laurel, for appellee.

Argued orally by **W. H. Watkins, Jr.**, for appellant, and by **Ellis B. Cooper**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Dr. Cranford instituted an action at law in the county court of Jones county seeking to recover disability benefits under a policy of health and accident insurance. In that court there was a verdict and judgment for Dr. Cranford. From that verdict and judgment, an appeal was attempted to be prosecuted to the circuit court of that county. The appeal was dismissed by that court on a motion of appellee. From the judgment of the circuit court sustaining the motion to dismiss the appeal, the cause is presented here.

On December 22, 1933, the county court rendered the judgment here involved, and on that day the clerk entered said judgment on the minutes of the court. That term of court continued until January 6th, on which day the appellant filed a motion in the county court for a new trial, the ground thereof being based upon errors alleged to have been committed in the original trial. On the same day the county court entered a judgment overruling appellant's motion for a new trial, an appeal bond was filed and notice was given to the stenographer to transcribe the notes. The appellee's ground for his motion to dismiss the cause was that an appeal was not filed within ten days from December 22nd, which he alleges is the date of the entry of the final judgment on the minutes of the county court. He further contends

that the motion for a new trial, being filed more than ten days after the entry of the judgment in his favor by the county court, could not operate to extend the time for appeal.

The applicable part of the statute controlling appeals in the county court is to be found in section 704 of the Mississippi Code of 1930 (1933 Supplement), chapter 256, Laws of 1932; that which more particularly appertains to the decision of this case is as follows: "Appeals from the county courts shall be taken and bond given within ten days from the date of the entry of the final judgment on the minutes of the court, provided, however, that the county judge may within the said ten days, for good cause shown by affidavit, extend the time, but in no case exceeding sixty days from the date of the said final judgment."

Section 699, Code 1930, provides that the county court shall be a court of record, and the dockets, minutes, and records of said court are to be kept, as far as is practicable, in the same manner as are those of the circuit court.

By section 693, Code 1930, the Legislature has conferred limited jurisdiction on county courts as inferior courts with jurisdiction concurrent with the court of a justice of the peace in all matters, civil and criminal, of which a justice of the peace has jurisdiction; and also jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of one thousand dollars.

It is the precise contention of the appellant here that by its motion for a new trial on January 6, 1934, the judgment rendered on December 22, 1933, was thereby suspended, and that the judgment did not become final within the meaning of the statute quoted, supra, until the motion for a new trial was overruled. Appellant bases its contention upon the well-settled principle of

law that courts of record have control of their minutes and all judgments, decrees, or orders of the court during the term at which they are rendered, and that during the term the court has full power to set aside or modify any judgment so rendered.

It is the contention of the appellee that, notwithstanding a court of record has full power over its minutes and may vacate, amend, modify, or annul any decree rendered during that term, yet it is within the power of the Legislature to limit the time within which an appeal may be taken, and that a motion for a new trial may not, after the time for appeal has expired, operate to extend the time for such appeal.

It may be conceded for the purpose of this decision that the county court, being a court of record, is a common-law court having jurisdiction over common-law actions within limitations. It may also be conceded that the general rule of law applying to common-law courts would apply to this court. In the case of Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797, we find this apt statement: ''It is a general rule of law, that all the judgments, decrees or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record and may then be set aside, vacated or modified by that court.'' Also see McRaven v. McGuire, 9 Smedes & M. 34.

Appellant relies most strongly upon the case of Brockett v. Brockett, 2 How. 238, 11 L. Ed. 251, in which it was held that ''no appeal lies from the refusal of the court below to open a former decree. But if the court entertains a petition to open a decree, the time limited for an appeal does not begin to run until the refusal to open it, the same term continuing.'' This case appears to be authority for the contention made by appellant, but it is to be noted that the exact question was whether or not the appeal was to operate as a supersedeas, as much longer time was allowed for a writ of error at that time,

than was allowed for a supersedeas of the judgment. Appellant also cites, in support of the Brockett case, the Slaughterhouse cases, 10 Wall. 273, 19 L. Ed. 915; Texas Pac. Ry. Co. v. Murphy, 111 U. S. 488, 4 S. Ct. 497, 28 L. Ed. 492; Memphis v. Brown, 94 U. S. 715, 24 L. Ed. 244, which cases probably support in a measure the pronouncement of the court in the Brockett case.

Whatever may be the position of the Supreme Court of the United States as to the effect of the Brockett case, we feel content to say that the case of Conboy v. First National Bank, 203 U. S. 141, 27 S. Ct. 50, 52, 51 L. Ed. 128, which was decided in the light of the holding in the Brockett case, is on all fours with the case at bar. The Conboy case originated in the District Court, and there was an appeal from the judgment therein to the Circuit Court of Appeals, where the judgment of the District Court was affirmed on January 12, 1905 (In re Philip Semmer Glass Co., 135 F. 77). Conboy moved to recall the mandate and vacate the order on April 25, 1905, which motion was denied by the court; on May 8, 1905, he filed a petition for rehearing, which was denied on May 17, 1905, and an order of denial was entered on May 24, 1905, the same term of court continuing from January 23rd to and including May 24th. On the latter date Conboy presented his petition to a justice of the Supreme Court, asking an appeal from the three orders above recited, which appeal was granted by the justice. The judgment appealed from was an order in bankruptcy. In the opinion it is stated that the Supreme Court is vested with authority to prescribe rules as to the time within which appeals may be taken, and by its general order that time had been limited to thirty days from the date of the judgment or decree, the limitation having the effect of a statute. The court said: "The present appeal was allowed four months 'after the judgment or decree' appealed from and three months after the time to appeal had expired. But it is said that the limitation should be referred to the date of the order denying the

petition for rehearing, and the trustee prayed an appeal from that order as well as from the judgment of January 23. . . . Appellant might have made his application for rehearing and had it determined within the thirty days, and still have had time to take his appeal. But he let the thirty days expire, as it did February 22, 1905, and did not file his petition until May 8, 1905. The right of appeal had then been lost and appellant could not reinvest himself with that right by filing a petition for rehearing." The court further said, as to the filing of the petition for rehearing: "The cases cited for appellant, in which it was held that an application for a rehearing, made before the time for appeal had expired, suspended the running of the period for taking an appeal, are not applicable when that period had already expired. 'When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter.' Credit Co. v. Arkansas C. R. Co., 128 U. S. 258, 261, 9 S. Ct. 107, 108, 32 L. Ed. 448, 449." The court, answering the argument advanced that the rules of the Circuit Court of Appeals permitted the filing of a petition for rehearing at any time during the same term, said: "In the circumstances, the suggestion that there is but one term of the Circuit Court of Appeals for the second circuit, and that, by the rules of practice of that court, petitions for rehearing may be presented at any time during the term, and therefore that this petition operated to enlarge the limitation of the bankruptcy act, is without merit."

In the case of Mills v. J. H. Fisher & Co. (C. C. A. 6th Circuit), 159 F. 897, 898, 16 L. R. A. (N. S.) 656, Judge Lurton held that where a petition for a rehearing was filed within ten days and not disposed of by the court until after the ten days allowed for appeal had expired, the appeal was in time, and said, with reference to the Conboy case, supra, that: "The petition to

rehear was filed after the time for an appeal had expired, and the right of appeal could not be resuscitated by an application to rehear.''

Nor do we think the case of Altenberg v. Grant (C. C. A.), 83 F. 980, is in conflict herewith. Judge TAFT, speaking for the circuit court, there had before him a case where the final judgment was rendered on the 12th of November, 1895, and three days later, November 15th, the term continuing, there was a motion for a new trial, and some time subsequently the motion for a new trial was overruled. The court held that the motion for a new trial operated to suspend the statute limiting the time within which appeals might be prosecuted until the disposition of the motion for a new trial.

In the case at bar the language of the statute is plain, and it was the manifest purpose of the statute to make the time in which appeals must be filed apply to at least three types of judgments rendered in the county court: first, such judgments as might have been rendered by a justice of the peace; second, such judgments as might have been rendered by a chancery court in equity proceedings; and, third, common-law actions within limitations. Motions for a new trial, after the entry of the judgment, are common in our practice in the circuit courts. If the Legislature had intended to allow time beyond the ten days within which to make a motion for a new trial, it could and would have said so by providing that the appeal might be prosecuted within ten days from the adjournment of the term of court, or by fixing the time as thirty days from the entry of the judgment. It did not do so. Our view is strengthened as to the intention of the Legislature by the fact that it is provided in this statute that the county judge may, within the ten days, extend the time in certain cases, on a certain condition, showing a clear intention to limit the county judge in his power to extend the time beyond ten days. We are not here dealing with the power of the county court over its judgments or decrees, but with

the right of a party to appeal and as to the limitation clearly fixed by a statute.

We are of opinion that the case of Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787, is not in conflict with the conclusion we have reached. In that case the motion for a new trial was filed at the term in which the final judgment was rendered, and, in effect, the court held that the motion for a new trial, having been filed at the term, operated to suspend the final judgment from which the appeal was prosecuted, although a term of court intervened before the term of court at which the motion for a new trial was finally overruled. We conclude likewise as to the case of Moore v. Montgomery Ward & Co. (Miss.), 156 So. 875, decided by Division B on October 8, 1934, 171 Miss. 420.

We conclude that a motion for a new trial filed in the county court more than ten days after a final judgment or decree has been rendered and entered on the minutes of that court does not operate to suspend the judgment. In other words, that the time for appeal having expired, a party could not resuscitate the right of appeal (which had been lost) by filing a motion for a new trial at the same term more than ten days after the final judgment had been entered on the minutes of the court. In this case, in view of this statute, the motion for a new trial was not seasonably made; the right to an appeal had expired. The court below so held.

Affirmed.

### On Suggestion of Error.

McGowen, J., delivered the opinion on suggestion of error.

We have determined to overrule the suggestion of error in this case. However, in order that there may be no misunderstanding as to what is meant in the opinion we have decided to amend a phrase contained therein. The opinion contains the following statement: "If

the Legislature had intended to allow time beyond the ten days *within which to make a motion for a new trial* it could and would have said so by providing that the appeal might be prosecuted within ten days from the adjournment of the term of court, or by fixing the time as thirty days from the entry of the judgment." We have determined that this sentence should read, and it is hereby amended so as to read, as follows: "If the Legislature had intended to allow time beyond the ten days within which to appeal it could and would have said so by providing that the appeal might be prosecuted within ten days from the adjournment of the term of court, or by fixing the time as thirty days from the entry of the judgment."

Suggestion of error overruled.