Flowers *v.* Trotlos.

(Division B.  March 25, 1935.)

[160 So. 581.  No. 31639.]

Harry K. Murray, of Vicksburg, for appellant.

Wm. I. McKay and Leonard E. Nelson, both of Vicksburg, for appellee.

Anderson, J., delivered the opinion of the court.

Final judgment for appellee was rendered by the circuit court of Warren county on a claimant's issue against appellant and the sureties on her forthcoming bond. From that judgment appellant prosecutes this appeal.

Appellee recovered a judgment in the county court of Warren county against Clark Flowers, the husband of appellant, for the sum of six hundred seventy-seven dollars and fifty cents. On that judgment execution was issued and levied on certain personal property. Appellant claimed that the property belonged to her and not to her husband, and was therefore not subject to be taken under the execution; she filed her claimant's affidavit accordingly with forthcoming bond, and kept the property. The judgment of the county court was rendered and

entered on the 27th day of June, 1934. From that judgment appellant attempted to appeal to the circuit court, and to that end gave an appeal bond with supersedeas on the 10th day of July, 1934, more than ten days after the final judgment was rendered. Appellee made a motion to quash and vacate the supersedeas bond for causes unnecessary to refer to. That motion was heard on the 29th day of August, 1934, and overruled upon condition that appellant execute a new appeal bond with supersedeas within ten days from that date. Appellant attempted to comply with that leave, executed another appeal bond with supersedeas on September 8, 1934, and filed the same with the clerk on that day.

There was no affidavit by appellant filed within ten days from the rendition of the final judgment in the county court asking for additional time within which to prosecute the appeal. Section 704, Code of 1930, as amended by Laws 1932, chapter 256, section 1, provides that appeals from county courts to the circuit courts shall be taken and bond given within ten days from the date of the entry of the final judgment on the minutes of the county court, provided, however, that the county judge may, within the ten days, for good cause shown by affidavit, extend the time, but in no case exceeding sixty days from the date of the final judgment. Regardless of which bond is considered, whether the first one or the last one, more than ten days from the entry of the judgment attempted to be appealed from had expired when it was executed, and there was no affidavit by appellant filed within the ten days asking for an extension of time. In fact, she filed no affidavit at any time asking for an extension. The statute is mandatory and jurisdictional. The circuit court cannot acquire jurisdiction of an appeal from the county court, unless the statute is complied with. Appeal must be taken within ten days from

the entry of the final judgment, or the time extended on affidavit within ten days showing good cause for the extension.

Affirmed.