LAUREL OIL & FERTILIZER Co. *v.* McCRAW.

(Division A.   Feb. 22, 1937.)

[172 So. 503.   No. 32600.]

H. H. Fuller, and Welch & Cooper, all of Laurel, for appellant.

118

**B. F. Carter,** of Laurel, for appellee.

**McGowen, J.,** delivered the opinion of the court.

In the county court of Jones county, McCraw, the appellee, brought his action at law against the Laurel Oil & Fertilizer Company for an unlawful conversion of his cotton. The county court rendered and entered a judgment in favor of the appellee against the appellant, Laurel Oil & Fertilizer Company, on April 17, 1936. Four days later, on April 21, 1936, appellant filed a motion for a new trial. On April 22, 1936, this motion was overruled. On April 30, 1936, appellant served notice on the stenographer to transcribe the notes of the testimony and file same with the clerk; and on the same day an appeal bond was filed and approved by the clerk of the court. When this record of the county court reached the circuit court, the appeal was dismissed for the reason that the judge of the circuit court was of the opinion that the appeal bond was filed and the notice to the stenographer given more than ten days from the date of the entry of the final judgment, to wit, April 17, 1936.

It will be noted that a motion for a new trial was seasonably made in the county court on the 21st day of April, 1936, four days after the rendition of the judgment; and it will be noted further that within the ten-day period after the court overruled the motion for a new trial, the appellant filed its appeal bond and served notice on the stenographer.

In this state of the record we are of the opinion that the motion for a new trial was seasonably made, and that the appeal bond and notice to the stenographer were filed within ten days after the order was entered overruling the motion for a new trial, which was the final judgment in the case.

The statute governing appeals from a judgment of the county court to the circuit court is found in section 1, chapter 256, Laws 1932, amending section 704, Code 1930, the pertinent part of which reads as follows: "Appeals from the county courts shall be taken and bond given within ten days from the date of the entry of the final judgment on the minutes of the court, provided, however, that the county judge may within the said ten days, for good cause shown by affidavit, extend the time, but in no case exceeding sixty days from the date of the said final judgment." In the case at bar, no affidavit was made, and no extension of time was allowed by the county court.

We are of the opinion that this case is controlled by the cases of Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787; Moore v. Montgomery Ward & Co., 171 Miss. 420, 156 So. 875; Mutual Health & Benefit Ass'n v. Cranford, 173 Miss. 152, 156 So. 876. In the latter case, the court held that the motion for a new trial having been filed more than ten days from the entry of the judgment there under consideration, the original judgment was not extended by the motion for a new trial filed after the time for appeal had elapsed. Therein lies the distinction between the case at bar and that case. In the case at bar the motion for a new trial, seasonably made within the period of ten days allowed for appeal, extended the judgment until the motion for a new trial was disposed of, and the time for appeal was ten days from the date the judgment was entered overruling the motion for a new trial. The time for appeal had not elapsed when the motion for a new trial was filed.

The appeal in this case was prosecuted within the time fixed by the statute, and the circuit court had jurisdiction thereof.

Reversed and remanded.