PATTERSON, Justice.
This is an appeal from a judgment of the Circuit Court of Jackson County, the judgment being the result of an appeal from the county court in a replevin action.
Prior to entry of the judgment the circuit court overruled a motion which sought to dismiss the appeal as not timely made.
The appellant’s contention here, as it was below, is that the final judgment in the county court was entered on August 16, 1968, and that the motion for a new trial filed during the term, but twenty-one days subsequent to the entry of the judgment, was violative of the statute authorizing appeals from a county court judgment. We are of the opinion that the circuit court erred in entertaining the appeal.
Mississippi Code 1942 Annotated section 1616 (Supp.1968), with reference to such appeals, states:
* * * Appeals from the county court shall be taken and bond given within ten (10) days from the date of the entry of the final judgment or decree on the minutes of the court, provided, however, that the county judge may within said ten (10) days, for good cause shown by affidavit, extend the time * * *.
This statute has been construed in Flowers v. Trotlos, 172 Miss. 305, 160 So. 581 (1935), to be mandatory and jurisdictional. In Mutual Health & Benefit Ass’n v. Cranford, 173 Miss. 152, 156 So. 876 (1934), this Court answered the identical contention which is presently before us, that is, that a motion for a new trial filed on the last day of the term of a county court and more than ten days subsequent to the rendition of a final judgment, suspended the finality of that judgment until the motion was ruled upon by the county court. In Cranford, supra, it was held that motions for a new trial, after the entry of the judgment, are common in circuit court practice, but that if the legislature had intended to allow time beyond the ten days within which to appeal in a county court, that it could and would have done so by providing that the appeal might be prosecuted within ten days from the adjournment of the term, but that upon its failure to do so, the filing of a motion for a new trial after the expiration of ten days from the entry of the final judgment would not resuscitate the judgment.
*361 In Rogers v. Ziller, 48 So.2d 476 (Miss.1950), the principle pronounced in Cran-ford, supra, was modified inasmuch as we stated that the ten-day rule was not applicable to a judgment of the county court which was irregular on its face, and that the filing of a motion for a new trial subsequent to the passage of ten days from the entry of an irregular judgment did serve to suspend the judgment.
There is no suggestion here of any irregularity in the judgment of the county court. We are therefore of the opinion that Cranford, supra, is dispositive of the issue and the motion of the appellant in the lower court, which sought to dismiss the appeal from the county court to the circuit court, should have been sustained.
The order of the circuit court overruling the motion to dismiss the appeal from the county court to it is reversed and the judgment of the county court on August 16, 1968, is affirmed.
Reversed and judgment of the county court affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY and SMITH, JJ., concur.