ROY NOBLE LEE, Justice,
for the Court:
Robert Cunningham, Jr. attempted an appeal to the Circuit Court of Warren County from a forty-five hundred dollar ($4,500) judgment against him in the County Court. The Circuit Judge, Honorable John W. Prewitt, Sr., sustained a motion by Jo Ann Cunningham, in whose favor the judgment was rendered, to dismiss the appeal, and Robert Cunningham, Jr. has appealed from that order to this Court.
The first question presented is whether or not the appellant perfected his appeal to the circuit court within the ten-day requirement stated in Mississippi Code Annotated § 11-51-79 (1972).
An attorney representing appellant testified that he prepared a supersedeas bond and wrote a check for court costs and that another attorney in his office was given those instruments for delivery to the circuit clerk. The latter attorney testified that he took the instruments to the Circuit Clerk’s office, asked the Chief Deputy Clerk to approve and file the bond; that she declined to mark the bond “Filed and Approved” because the Circuit Clerk always handled that type matter; and that he left the instruments with the Chief Deputy Clerk on her desk.
A third attorney, who formerly was associated in the office of appellant’s attorney, testified that he was with the second attorney when that attorney carried the bond and check into the Circuit Clerk’s office; that after the time limit had expired for perfecting the appeal, he (the third attorney) learned that the bond and check were missing, and went to the Circuit Clerk’s office, made an individual search through the bond files of the Circuit Clerk, and found the instruments. He further testified that he did not remove the instruments from the file, nor did he bring the discovery to the attention of deputy clerks who were in the Circuit Clerk’s office, but went to the county judge and informed him that he had found the appeal instruments.
Ms. Alyce Crist, Chief Deputy Circuit Clerk, testified that she had never seen the *138 bond and appeal instruments, that she had gone through the bond files looking for them, and that she was unable to find them.
The circuit judge did not render an opinion in the case, but entered the following order:
CAME the parties on the days and times set for hearing on the Appellee’s Motion to Dismiss the appeal of Appellant and the Court having heard the evidence presented by the parties together with the arguments of counsel is of the opinion that the Motion to Dismiss the appeal of the Appellant is well taken and should be granted.
IT IS THEREFORE ORDERED AND ADJUDGED that the appeal is and hereby dismissed and that the judgment of the County Court of Warren County, Mississippi is sustained as of the day of its rendition.
SO ORDERED this the 12th day of October, 1981.
It is obvious that the circuit judge sustained the motion and dismissed the appeal on the evidence hereinabove summarized. We are unable to say that the circuit judge was in error on such finding, and we affirm the order of dismissal. It is not necessary for us to address the question as to whether or not the appeal would have been timely perfected, if those facts had been resolved in favor of the appellant.
The second question presented is whether or not the appellee is entitled to statutory damages on appeal to the circuit court in the sum of fifteen percent (15%) of the judgment and the same statutory penalty on appeal to this Court.
Mississippi Code Annotated § 11-3-23 (Supp.1981) provides in part:
In case the judgment or decree of the court below be affirmed, or the appellant fails to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%), ....
Since the circuit judge dismissed the appeal to the circuit court on the ground that it was never perfected, the judgment of the county court has not been appealed from, or affirmed, and the statutory penalties may not be assessed here. The statute applies where a judgment has been appealed and affirmed or where the appeal was perfected but abandoned before the case was decided by an appellate court.
Therefore, the statutory penalties are denied in the circuit court and this Court.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.