# IN THE COURT OF APPEALS 4/23/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-CA-00719 COA

**LATCO, INC.**

**APPELLANT**

**v.**

**MAGNOLIA FOREST PRODUCTS, INC.**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. L. BRELAND HILBURN, JR.

COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT

ATTORNEYS FOR APPELLANT:

THOMAS SUTTLE, JR. AND EDDIE J. ABDEEN

ATTORNEY FOR APPELLEE:

TOMMY E. FURBY

NATURE OF THE CASE: CIVIL: FAILURE TO TIMELY FILE NOTICE OF APPEAL

TRIAL COURT DISPOSITION: APPEAL DISMISSED WITH PREJUDICE


BEFORE THOMAS, P.J., BARBER, KING, AND SOUTHWICK, JJ.

KING, J., FOR THE COURT:

The Circuit Court of Hinds County granted the Appellee's motion to docket and dismiss Appellant's

appeal from the county court. Aggrieved, the Appellant appeals.

**FACTS**

On October 6, 1993, the Appellee obtained a judgment in the County Court of Hinds County. Thereafter, on October 14, 1993, Appellant filed a motion and supporting affidavit, which asked the court to extend the time for filing the notice of appeal and appeal bond. On November 17, 1993, the court heard Appellant's motion, and extended the time for perfection of the appeal until December 3, 1993. However, the order granting the extension was not entered until December 9, 1993. Because Latco had previously filed its notice of appeal and appeal bond on December 3, 1993, a *nunc pro tunc* order was entered on December 15, 1993. Thereafter, the Appellee moved to docket and dismiss the appeal, and the circuit court granted the motion.

ANALYSIS OF THE ISSUES AND LAW

The primary question we are asked to decide on this appeal is whether the filing of a motion for extension of time together with a supporting affidavit tolls the running of the period for perfecting an appeal from county court to circuit court. In essence, we have been asked to construe section 11-51-79 of the Mississippi Code which provides:

> Appeals from the county court shall be taken and bond given within ten (10) days from the date of the entry of the final judgment or decree on the minutes of the court; provided, however, that the *county judge may within said ten (10) days, for good cause shown by affidavit, extend the time,* but in no case exceeding sixty (60) days from the date of the said final judgment or decree.

Miss. Code Ann. § 11-51-79 (1972). When asked to apply a statute to a specific factual situation, we apply the statute literally according to its plain meaning. *Brown v. Hartford Ins. Co.,* 606 So. 2d 122, 125 (Miss. 1992) (citations omitted). A literal construction of section 11-51-79 reveals that a county judge may extend the time for perfecting the appeal; however, the judge's authority to extend the time for perfecting an appeal is restricted. The extension must occur within ten days of entry of the final judgment or decree. *Flowers v. Trotlos,* 172 Miss. 305, 309 (1935).

In the instant case, the county judge granted the extension approximately two months after the final judgment had been entered. The county court's authority to extend the time for perfecting the appeal expired on October 16, 1993. On December 9, 1993, the county court no longer had jurisdiction to extend the time for perfecting the appeal. Therefore, the court's order extending the time for perfecting the appeal until December 3, 1993, is null and void. *Hickey v. Stewart,* 44 U.S. 750, 761 (1845) (stating that judgments and orders of courts acting without authority are not voidable, but simply void) (citations omitted). Because the Appellant failed to perfect the appeal within ten days of entry of the final judgment and because the county judge did not extend the time within ten days of entry of the final judgment, we find that the circuit court properly dismissed the appeal as untimely.

Finally, the Appellee suggests that the Appellant's unsuccessful appeal warrants the imposition of statutory penalties pursuant to section 11-3-23 of the Mississippi Code. Section 11-3-23 provides:

> In case the judgment or decree of the court below be affirmed, or the appellant fails to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%), as follows . . . .

Miss. Code Ann. § 11-3-23 (1972). Statutory penalties are imposed when a judgment has been appealed and affirmed or where the appeal is perfected but abandoned before appellate decision. *Cunningham v. Cunningham,* 423 So. 2d 136, 138 (Miss. 1982). In this case, the judgment was not affirmed because the appeal was dismissed; therefore, statutory penalties are denied. *Cunningham,* 423 So. 2d at 138.

**THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE APPEAL IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**