# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CT-01807-SCT

*SWEET VALLEY MISSIONARY BAPTIST*
*CHURCH a/k/a HUB COMMUNITY BAPTIST*

*v.*

*ALFA INSURANCE CORPORATION a/k/a ALFA*
*GENERAL INSURANCE CORPORATION a/k/a*
*ALFA MUTUAL GENERAL INSURANCE*
*COMPANY a/k/a ALFA SPECIALTY INSURANCE*
*CORPORATION*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/24/2010 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MARC L. FRISCHHERTZ |
| | DAVID LEE BREWER |
| ATTORNEYS FOR APPELLEE: | TOBY JUSTIN GAMMILL |
| | WHITNEY WARNER GLADDEN |
| | JACOB O. MALATESTA |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT IS REVERSED, AND THE CASE IS REMANDED - 10/31/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     Sweet Valley Missionary Baptist Church (Sweet Valley) filed a complaint on August

29, 2008, against its insurance carrier, Alfa Insurance Corporation (Alfa). Based on Sweet

Valley's failure to cooperate in discovery, the trial court entered an order of dismissal on June 29, 2009. On July 8, 2009, Sweet Valley filed a motion to set aside judgment, or, in the alternative, a motion for new trial. The trial court denied the motion on January 29, 2010, and, in response, Sweet Valley filed a second complaint against Alfa the same day. The trial court dismissed the second claim based on the expiration of the statute of limitations. Sweet Valley appealed. On rehearing, the Court of Appeals reversed the trial court's judgment and remanded for further proceedings. Alfa filed a petition for writ of certiorari, and we granted it. We hold that a motion filed pursuant to Mississippi Rule of Civil Procedure 59(e) tolls the applicable statute of limitations, and we reverse the decision of the trial court.

## FACTS AND PROCEDURAL HISTORY

¶2. Sweet Valley filed a complaint on August 29, 2008, against Alfa, its insurance carrier. Sweet Valley alleged a breach of contract based on Alfa's allegedly deficient coverage payment for damage caused by Hurricane Katrina. Sweet Valley alleged that Alfa's payout did not cover all of its losses and did not meet its policy limits as provided in the insurance contract. During discovery, problems arose when one of Sweet Valley's attorneys, Marc Frischhertz, failed to follow the proper procedures to be admitted to practice *pro hac vice* in Mississippi. Under the belief that he already had been admitted to practice *pro hac vice*, Frischhertz signed discovery and expert designations. Because doing so while not admitted to practice law created discovery issues, the trial court dismissed Sweet Valley's case without prejudice on June 29, 2009.

¶3. Soon after, on July 8, 2009, Sweet Valley filed a motion to set aside the judgment or for a new trial. A hearing was held, and on January 29, 2010, the circuit court denied Sweet

2

Valley's motion. On that same day, Sweet Valley filed a new complaint against Alfa. Alfa filed a motion to dismiss the second complaint alleging that while the three-year statute of limitations was tolled during the first lawsuit, the clock resumed when the suit was dismissed on June 29, 2009. Therefore, Alfa argues that the statute of limitations has run as to Sweet Valley's January 29, 2010, complaint. In its order dismissing the second complaint, the trial court determined that Sweet Valley had filed its motion to set aside the judgment or for a new trial pursuant to Mississippi Rule of Civil Procedure 59, and that the motion did not toll the running of the statute of limitations. Additionally, the trial court found that as of June 29, 2009, forty-six days remained on the three-year statute of limitations, thus making August 14, 2009, the operative deadline for the filing of new complaints. Because Sweet Valley's second complaint was not filed until January 29, 2010, the trial court dismissed the complaint as untimely, and Sweet Valley appealed. We assigned the case to the Court of Appeals.

¶4.    The Court of Appeals first affirmed the trial court's dismissal. However, on rehearing, the Court of Appeals issued a second opinion, replacing the first, in which the court agreed with Sweet Valley's claim that its motion was timely. *Sweet Valley Missionary Baptist Church v. Alfa Ins. Corp.*, 2010-CA-01807-COA, 2013 WL 1122310 (Miss. Ct. App. Mar. 19, 2013), *cert. granted*, 115 So. 3d 804 (Miss. 2013). The court noted that a Rule 59 motion for new trial tolls the statute of limitations on the underlying claim, just as it tolls the period of appeals and suspends the finality of judgments. The Court of Appeals reversed the judgment of the trial court dismissing the second complaint and remanded the case. Alfa filed a petition for writ of certiorari, which we granted.

**DISCUSSION**

3

¶5.     The issue presented by Alfa is whether the "Motion to Set Aside Judgment or in the Alternative, Motion for New Trial" filed by Sweet Valley on July 8, 2009, tolled the statute of limitations on the underlying contract claim.

¶6.     The standard of review concerning a trial court's grant or denial of a motion to dismiss is de novo. ***Scaggs v. GPCH-GP, Inc.***, 931 So. 2d 1274, 1275 (¶ 6) (Miss. 2006). "When considering a motion to dismiss, the allegations in the complaint must be taken as true[,] and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." ***Id.*** (quoting ***Lang v. Bay St. Louis/Waveland Sch. Dist.***, 764 So. 2d 1234, 1236 (¶ 7) (Miss. 1999) (citing ***T.M. v. Noblitt***, 650 So. 2d 1340, 1342 (Miss. 1995)). Issues involving the statute of limitations are reviewed de novo. ***Lincoln Elec. Co. v. McLemore***, 54 So. 3d 833, 835 (¶ 10) (Miss. 2010).

¶7.     Sweet Valley argues that the trial court erred when it denied Sweet Valley's motion for a new trial based on the expiration of the statute of limitations. Instead, Sweet Valley would apply the decision of Court of Appeals, which determined that the statute of limitations was tolled by the filing of the motion on July 8, 2009, until January 29, 2010, when the trial court denied the motion.

¶8.     The issue of whether a Rule 59 motion tolls the statute of limitations of the underlying claim is one of first impression in Mississippi. As the Court stated in ***Hill v. Ramsey***, "[i]t is elementary that, unless process is not timely served, the statute of limitations is tolled upon the filing of the complaint, and does not begin to run again until litigation has ended." ***Hill v. Ramsey***, 3 So. 3d 120, 123 (¶10) (Miss. 2009). It has long been settled that a timely motion for a new trial extends a judgment until the motion is granted or denied. ***Laurel Oil***

4

*& Fertilizer Co. v. McCraw*, 178 Miss. 117, 172 So. 503 (1937). In other words, Rule 59(e) motions stay the finality of judgments as well as the thirty-day time period to appeal. ***Bruce v. Bruce***, 587 So. 2d 898, 903 (Miss. 1991); *see also **Davidson v. Hunsicker***, 224 Miss. 203, 79 So. 2d 839 (1955). Further, "Professor J.W. Moore has aptly described the effect of Rule 59 motion on a previously filed notice of appeal: 'The appeal simply self-destructs.'" ***Bruce***, 587 So. 2d at 901 (quoting 9 *Moore's Federal Practice* ¶ 204.12[1], at 4-70, n.17 (1989)). "[I]t is a familiar principle that no statute of limitations runs against a party until he is allowed by law to do the thing as to which the statute is interposed." ***Moore v. Montgomery Ward & Co.***, 171 Miss. 420, 156 So. 875 (1934).

¶9.     In contrast, motions filed under Mississippi Rule of Civil Procedure 60(b) for relief from a judgment do not toll the time for appeal or the enforceability of a judgment. ***Bruce***, 587 So. 2d at 903. The Court of Appeals also has specifically found that pending motions filed under Rule 60 do not toll the statute of limitations. ***Davis v. Biloxi School Dist.***, 43 So. 3d 1135, 1138 (¶¶ 9-10) (Miss. Ct. App. 2009). "Importantly, a Rule 60(b) motion does not operate as a stay . . . ." Miss. R. Civ. P. 60 cmt. Unlike a Rule 59 motion, Rule 60(b) motions may be filed later than ten days after a judgment but must concern fraud, misrepresentation, or other misconduct of an adverse party; accident or mistake; newly discovered evidence that could not have been discovered in time; or other reasons justifying relief. Miss. R. Civ. P. 60(b). Rule 59(e) motions provide the court with the opportunity to correct its own error, while "Rule 60(b) motions, on the other hand, proceed on the assumption that the trial court has entered a valid and enforceable judgment which has become final." ***Bruce***, 587 So. 2d at 904.

5

¶10. Logically, it stands to reason that if a Rule 59 motion tolls the period for appeals and the enforceability of a judgment, it also should toll the statute of limitations of the underlying claim. If this is not the rule, plaintiffs who file Rule 59 motions risk being left with no remedy if their motion is denied and the statute of limitations has run. As the Court of Appeals noted, "it would not be in the best interest of judicial economy to force litigants with an impending statute of limitations to file a new complaint without first having the option to move to alter or amend the judgment." *Sweet Valley Missionary Baptist Church*, 2010-CA-01807-COA, 2013 WL 1122310, *4 (¶ 15). The U.S. Supreme Court, in *Osterneck v. Ernst & Whinney*, analyzed the federal version of Rule 59, which is substantially similar to the Mississippi rule, and held that a judgment is not final – even if it may "appear to be a final judgment" – until the court has properly disposed of pending Rule 59 motions. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). As noted previously, the statute of limitations is tolled upon the filing of the complaint and does not begin to run again until litigation has ended. *Hill*, 3 So. 3d at 123 (¶ 10). Because the statute of limitations is tolled until litigation has ended, Rule 59 motions stay the finality of judgments, and the filing of a Rule 59 motion prevents the running of the statute of limitations on the underlying claim. Because it is consistent with our law and serves judicial economy, we hold that a properly filed motion under Rule 59 continues the tolling of the applicable statute of limitations which occurs when a complaint is filed.

¶11. Because we have found that the statute of limitations was tolled until the trial court denied Sweet Valley's Rule 59(e) motion, the filing of the second complaint on the same day was timely. The three-year statute of limitations applicable to contract claims began on

October 14, 2005, when Alfa paid Sweet Valley $9,951.89, which Sweet Valley alleges did not fully satisfy its claim. When Sweet Valley filed its complaint on August 29, 2008, with forty-six days remaining under the statute, the statute of limitations was tolled until the case was dismissed on June 29, 2009. The statute of limitations continued to be tolled by the Rule 59 motion to alter or amend the judgment until that motion was denied by the trial court on January 29, 2010. Sweet Valley filed its second complaint with the trial court on the same day its Rule 59 motion was denied. Accordingly, the second complaint was not barred by the statute of limitations. As the statute of limitations issue is dispositive, we decline to address Sweet Valley's remaining arguments.

## CONCLUSION

¶12. We hold that a timely filed motion under Rule 59 continues the tolling of the applicable statute of limitations until the court rules on the Rule 59 motion. As a result, we hold that the trial court erred in its dismissal of Sweet Valley's second complaint, filed on January 29, 2010. Thus, the decision of the Court of Appeals is affirmed, the judgment of the circuit court is reversed, and the case is remanded to the Marion County Circuit Court for further proceedings consistent with this opinion.

¶13. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT IS REVERSED, AND THE CASE IS REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, AND KING, JJ., CONCUR.**